(November 28, 1900.)

## ELG v. HOFF.

[63 Pac. 37.]

ALLEGATIONS OF COMPLAINT—INDORSEMENT BY MISTAKE—FACTS CONSTITUTING MISTAKE.—Where it is alleged in the complaint that M. is indebted on his promissory note to E. in the sum ot $525, and that E. thereafter becomes indebted to M. in the sum of $242.97, and E. pays his indebtedness to M. by indorsing the same on said promissory note, and thereafter transfers such note to L. for the balance due on said note after deducting said indorsement, E. the assignor retains no such interest in said note as would entitle him to sustain an action thereon, although it be alleged that said indorsement was made by mistrke, when no fact is alleged showing of what such alleged mistake consisted.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Dietrich, Chalmers & Stevens, for Appellants.

Without the averment of the facts constituting the mistake or "misapprehension," the general expression "by mistake" will not bring the case within the equitable jurisdiction. (2 Estee's Pleadings, 4th ed., sec. 2748 and citations; 14 Ency. of Pl. & Pr. 41, 43, 44 citations.) Where a mistake is set up, the pleading should allege the circumstances which gave rise to and occasioned such mistake and show who brought it about. (14 Ency. of Pl. & Pr. 43 and citations.) It has been held that a party seeking relief from a mistake should allege how he is injured by such mistake. (14 Ency. of Pl. & Pr. 43, and citations.) It is like pleading fraud, duress and undue influence, and the facts constituting the wrong or error must be pleaded. (*Kelly v. Perrault,* 5 Idaho, 221, 48 Pac. 45; Kerr on Fraud and Mistake, 365, 366; *Langdon v. Roane,* 6 Ala. 518, 41 Am. Dec. 60; *Douglas v. Brooks,* 38 Cal. 670; *Bingham County v. Woodin,* 6 Idaho, 284, 55 Pac. 662; *Jackson v. Rowell,* 87 Ala. 685, 6 South. 95, 4 L. R. A. 637.) The findings of facts are insufficient in that they are contradictory, conflicting and inconsistent in themselves and therefore of no effect. (*Gwin v. Gwin,* 5 Idaho, 271, 48 Pac. 295; *Reese v. Corcoran,* 52 Cal. 495; *Schwinger v. Raymond,* 83 N. Y. 193, 38 Am. Rep. 415; *Bonnell v. Griswold,* 89 N. Y. 122; *Barnes v. Sabron,* 10 Nev. 248; *Bank of Oroville v. Lawrence* (Cal.), 37 Pac. 936.)

Clark & Holden, for Respondent.

Where the mortgagee assigned the mortgage as security or pledge for a loan of a less amount he may, especially where the assignee refuses to proceed, bring an action in his own name. (*Norton v. Warner,* 3 Edw. Ch. 106, 3 N. Y. Ch., L. ed., 589; 2 Van Santvoord's Equity Pleading, 74.) A surety who is compelled to pay the mortgage may foreclose in his own name. (*McLean v. Towle,* 3 Sand. Ch. 117.) There is no prayer for the cancellation of the indorsement of the note in question. Such prayer would be wholly unnecessary, since one who makes an indorsement or credit upon a promissory note, believing he has received value therefor, may, if he discovers that such is

not true, erase or cancel it without seeking the assistance of equity. Such an indorsement could be of no greater force than a receipt. In fact an indorsement like this is in effect a receipt. (19 Am. & Eng. Ency, of Law, 1113, note 1.)

SULLIVAN, J.—This is an action to foreclose a real estate mortgage. The facts necessary to an understanding of the case are substantially as follows: On the fifteenth day of May, 1895, the appellant Morrison made and delivered to the respondent his promissory note for $525, and his real estate mortgage to secure the payment of the same. On May 25, 1895, said respondent, Elg, assigned said note and mortgage to the Bank of Idaho Falls as collateral security for a loan of $300. On the twenty-second day of October, 1896, the appellant Morrison conveyed by warranty deed to appellants Rasmus Hoff, Nicolay Hoff and Peter Hoff the land described in said mortgage. On the fifth day of March, 1897, the said Hoffs and wives conveyed said land by warranty deed to appellant Lindahl. It is alleged in the complaint that Rasmus Hoff did, on the sixth day of September, 1898, for the purpose of preventing said Bank of Idaho Falls, as assignee, from foreclosing said mortgage, and for the purpose of postponing final settlement, propose and agree to and with said plaintiff, Elg, that the said Hoff, acting for said Hoff brothers, would advance sufficient money, to wit, $380.97, with which to redeem said promissory note and mortgage from said bank, providing, however, that said Elg would assign said note and mortgage to the appellant Lindahl—which proposition was then and there accepted by said Elg; that said $380.97 was advanced as agreed, and said bank did on the last-mentioned date duly assign said note and mortgage to Elg, and he thereupon, in pursuance of said agreement, duly assigned them to the said P. J. Lindahl. It is alleged in the complaint that the plaintiff did not accept said payment of $380.97 on said assignment in full payment for said note and mortgage, but made such assignment for that sum believing that an indorsement made on the back of said promissory note for $242.34 was a good and valid indorsement. and that plaintiff had received full value therefor, and it is alleged that all of said facts were

well known to all of the defendants. In explaining how the credit of $242.34 was mistakenly made by the plaintiff, Elg, he alleges in his complaint as follows: "That prior to the date of said assignment made by said plaintiff to said defendant P. J. Lindahl, and on the aforesaid date, to wit, January 25, 1897, said plaintiff was owing and indebted to said defendant A. D. Morrison in the sum of $242.34, which amount was then due; that said plaintiff, by mistake, and laboring under a misapprehension of the facts, credited said amount of $242.34, then due said A. D. Morrison by said plaintiff, on the back of said promissory note, on said twenty-fifth day of January, 1897, which said amount still remains credited on said promissory note; that said plaintiff has not received the said $242.34, nor any part thereof, the amount so credited on the back of said promissory note as aforesaid; that said amount of $242.34 was erroneously credited on said promissory note." The foregoing is the only explanation offered of how, or why, or in what respect the respondent, Elg, was mistaken, or misapprehended the facts, or how he came to make the credit of $242.34 erroneously. Elg was owing Morrison $242.34. Morrison was owing Elg the amount due on the note of $525, and gave him credit for the $242.34 on said $525 note, and assigned said note, with said indorsement thereon, and the mortgage, to Lindahl, the owner of the land described in the mortgage, for the sum of $380.97. The defendant Morrison defaulted. The defendant Lindahl demurred specially, which demurrer was overruled. Thereupon the defendants Hoff brothers and Lindahl answered, putting in issue the material allegations of the complaint, and averred ownership of said note and mortgage in defendant Lindahl. The court submitted certain questions to a jury, which were answered by the jury, and the court adopted the special findings of the jury, and made additional findings of facts from which conclusions of law were drawn, and judgment and decree entered in favor of the plaintiff, who is respondent here. Numerous errors are assigned, and counsel for respondent suggests that the vital question to be determined on this appeal is, Did the respondent, Elg, retain sufficient interest in said promissory note and mortgage, when he assigned the same to Lindahl, as to

permit him to sustain an action to foreclose said mortgage? In the light of the record before us, we are of the opinion that Elg intended to and did transfer his entire interest in and to said promissory note and mortgage to said Lindahl for the sum of $380.97, and that at the time he brought this action he had no interest whatever in either the note or mortgage, and therefore had no cause of action in the subject matter of this suit. From the quotation above made from the complaint in this action it is made to appear that the promissory note and mortgage referred to in this suit was executed on May 15, 1895, and was owned by the respondent up to September 6, 1898, when he sold and assigned the same to appellant Lindahl for $380.97; that on January 25, 1897, respondent, Elg, was indebted to Morrison, the maker of said note and mortgage, in the sum of $242.-34; that said Elg paid said Morrison said sum by indorsing it on said promissory note; that said indorsement was on the back of said note at the time the assignment was made to Lindahl. After Elg had paid Morrison the $242.34 by indorsement on said promissory note, the amount due on said note was reduced by $242.34. The balance due was sold and transferred to Lindahl for the sum of $380.97. Elg retained no interest whatever in said note after said assignment, and had no right of action thereon. The demurrers to the complaint ought to have been sustained. For that reason the judgment of the court below must be reversed, and it is so ordered. As the record shows that the complaint cannot be amended so as to state a cause of action in favor of respondent, the court below is directed to enter judgment dismissing said action. Costs are awarded to appellants.

Huston, C. J., and Quarles, J., concur.